```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EDWIN MORALES,
                                          DECISION AND ORDER
              Petitioner,                 No. 11-CV-00329(MAT)

     -vs-

MARK L. BRADT,

              Respondent.
_____
```

## I. Introduction

*Pro se* Petitioner Edwin Morales ("Petitioner") has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered July 2, 2004, in New York State, County Court, Monroe County, convicting him, upon a plea of guilty, of Murder in the Second Degree (N.Y. Penal Law ("Penal Law") § 125.25[1]).

## II. Factual Background and Procedural History

On or about April 19, 2004, a Monroe County Grand Jury charged Petitioner with second-degree murder (Penal Law § 125.25[1]). The charges arose from an incident that occurred on April 5, 2004, wherein Petitioner stabbed Brittany Joy Ray multiple times with a knife, causing her death. See Monroe County Ind. No. 00286, dated April 16, 2004 at Resp't Ex. A.

On July 2, 2004, Petitioner appeared before Monroe County Judge Patricia D. Marks and entered a plea of guilty to murder in the second degree. Plea Mins. at 7 (Resp't Ex. C). He was subsequently sentenced, in accordance with the plea agreement, to

an indeterminate term of twenty years to life imprisonment. Sentencing Mins. at 21-22 (Resp't Ex. C).

In a counseled brief, Petitioner appealed his judgment of conviction to the Appellate Division, Fourth Department on the basis that the county court "fail[ed] to inquire meaningfully of [Petitioner] as to the possible existence of an [e]xtreme [e]motional [d]isturbance defense to intentional murder, despite the fact that the defense was mentioned during [Petitioner's] guilty plea colloquy." See Petr' Br. on Appeal, Point I (Resp't Ex. E). On September 28, 2007, the Appellate Division unanimously affirmed the judgment of conviction. People v. Morales, 43 A.D.3d 1384 (4th Dep't 2007) (Ex. I); lv. denied, 9 N.Y.3d 1008 (2007) (Resp't Ex. L).

On March 24, 2008, Petitioner filed in this Court a *pro se* federal habeas corpus petition challenging the same conviction he challenges now in the instant proceeding. See Morales v. Conway, 1:08-cv-0024(WMS) (W.D.N.Y.). In that petition, Petitioner argued that his guilty plea was involuntary and coerced, the police violated his Fourth Amendment rights, he was denied an appeal, and his counsel was ineffective. Id. at Dkt. No. 1. In a Decision and Order dated April 8, 2008, the Court (David G. Larimer, D.J.) noted that Petitioner's claims appeared to be largely unexhausted, and therefore gave Petitioner the option to amend the petition to withdraw any unexhausted claims, move for a stay and abeyance of

the petition, or provide the Court with evidence of exhaustion. Id. at Dkt. No. 2. The Court specifically noted, however, that if Petitioner chose to withdraw the entire petition, the statute of limitations would not be deemed tolled during the pendency of his federal habeas petition. Id. at 2, n.1. Petitioner elected to withdraw his petition, and the Court granted Petitioner's motion to do so. Id. at Dkt. Nos. 3, 4). Upon granting Petitioner's motion, the Court again noted that "the time for filing a federal habeas petition is **not** tolled during the pendency of a first federal habeas petition." See Dkt. No. 4 at 2 (emphasis in original).

In a motion dated May 15, 2009, Petitioner applied for a writ of error coram nobis in the Appellate Division, Fourth Department, claiming that he received ineffective assistance of counsel on direct appeal. See Pet'r *Pro Se* Coram Nobis Application (Resp't Ex. M)[1]. On October 2, 2009, the Appellate Division summarily denied the motion, and leave to appeal was denied. People v. Morales, 66 A.D.3d 1499 (4th Dep't 2009) (Resp't Ex. Q); lv. denied, 13 N.Y.3d 909 (2009) (Resp't Ex. T).

In a motion dated February 2, 2010, Petitioner moved, pursuant to N.Y. Crim. Proc. Law ("CPL") § 440.10, to vacate his judgment of

---

[1] Respondent's Exhibit M is Petitioner's properly-filed *pro se* coram nobis application. Respondent's Exhibit N is Petitioner's *pro se* coram nobis application bearing the date-stamp "received March 13, 2009", which was not properly filed in the Appellate Division (see discussion *infra*; see also Resp't Answer at ¶ 5 (stating that Appellate Division has no record of any filing by Petitioner in March 2009). Thus, the Court cites to Exhibit M here in reference to Petitioner's properly-filed *pro se* coram nobis application.

conviction on the basis that trial counsel provided ineffective assistance of counsel with respect to Petitioner's guilty plea. See Pet'r Motion to Vacate (Resp't Ex. U). The Monroe County Court denied Petitioner's motion, and leave to appeal was denied. See Resp't Exs. X, Y, AA.

This habeas corpus petition followed. In *pro se* papers dated April 11, 2011, Petitioner seeks habeas relief on the following grounds: (1) the county court violated its "obligation to inquire meaningfully of [Petitioner] whether or not he understood that he might have a defense to intentional murder, namely the affirmative defense of extreme emotional disturbance, after the court itself noted during the plea colloquy that th[e] defense had been 'raised'"; (2) the county court improperly "fail[ed] to advise [Petitioner] of a direct consequence of his conviction," improperly "accept[ed] a plea that was not advantage[ous] to [Petitioner]"; (3) trial counsel was ineffective for the reasons set forth in Petitioner's CPL § 440.10 motion; and (4) ineffective assistance of appellate counsel. See Pet. ¶ 22, Points I-V (Dkt. No. 1). Respondent filed an Answer and Supporting Memorandum in opposition to the habeas petition. Dkt. Nos. 17, 18. Petitioner filed a Traverse, and Respondent filed a Reply thereto. Dkt. Nos. 23, 24. On December 27, 2012, Petitioner filed a Response to Respondent's Reply. Dkt. No. 25.

For the reasons that follow, the writ of habeas corpus is denied and the petition is dismissed.

**III. Timeliness**

Respondent asserts timeliness as an affirmative defense to the petition, maintaining that the petition is time-barred because it was filed after the statutory limitations period had expired and Petitioner has not established that he is entitled to tolling. See Answer ¶ 7. Petitioner counters, arguing that the petition is timely because the limitations period was statutorily tolled during the pendency of the "original habeas petition" and his post-conviction proceedings. See Pet'r Traverse at p 2-4. Further, he maintains that equitable tolling is warranted because his attorney withheld certain legal papers from him, which prevented him from filing the instant habeas petition until April 2011. Id. at 3. The Court finds that the petition is untimely.

**(A) AEDPA's One-Year Statute of Limitations**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a federal habeas corpus petition be filed within one year of the date on which the Petitioner's state court conviction becomes final. 28 U.S.C. § 2241(d)(1). A habeas petitioner's conviction generally becomes final for AEDPA purposes upon, "either the completion of certiorari proceedings in the United States Supreme Court, or -- if the prisoner elects not to file a petition for certiorari -- the time to seek direct review

via certiorari has expired." Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001).

In this case, the New York Court of Appeals denied Petitioner's leave application on December 20, 2007. See New York Court of Appeals Certificate Denying Leave (Resp't Ex. L). Petitioner's conviction was therefore final ninety days later, on March 19, 2008, and he had one year from that date, or until March 19, 2009, to file his federal habeas petition. Petitioner's habeas petition, which was filed on April 11, 2011,[2] is untimely because it was filed over two years after the one-year limitations expired.

**(B) Statutory Tolling**

Title 28, Section 2244(d) provides that the limitations period is tolled in "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. 2244(d)(2); see also Fernandez v. Artuz, 402 F.3d 111, 116 (2d Cir. 2005).

In this case, Petitioner is not entitled to statutory tolling. The one-year limitations period was not tolled during the pendency of his initial federal habeas petition. See Duncan v. Walker, 533 U.S. 167, 181 (2001) (pendency of a federal habeas petition does

---

[2] See Nobles v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001) (under the "prison mailbox rule," which applies to habeas petitions, the filing date is presumed to be the date on which an inmate's petition is received by prison officials). Here, the petition was signed on April 11, 2011, and was subsequently filed in this Court on April 19, 2011.

not toll AEDPA's statute of limitations). Notably, Petitioner was explicitly alerted to this in the Court's April 8, 2008 Order granting his motion to withdraw his first federal habeas petition (in case no. 08-cv-00244) challenging the same conviction he challenges now in the instant petition.

Likewise, Petitioner's state collateral proceedings did not, as Petitioner asserts, toll the statute of limitations, as both his coram nobis application and his motion to vacate were filed after the March 19, 2009 deadline had already expired. See Smith v. McGinnis, 208 F.3d 13, 16-17, n.2 (2d Cir. 2000) (a state collateral proceeding commenced after the one-year limitations period has already expired and does not reset the statute of limitations period). That is, Petitioner's *pro se* coram nobis application is dated May 15, 2009 and his *pro se* motion to vacate is dated February 2, 2010. See Pet'r Coram Nobis Application - copy rec'vd by the Appellate Division (Resp't Ex. M); Pet'r Motion to Vacate (Resp't Ex. U).

Nonetheless, with respect to his *pro se* coram nobis application, Petitioner maintains that he is entitled to statutory tolling because this document was filed on March 13, 2009 (six days prior to the habeas deadline), not May 15, 2009. See Pet'r Timeliness Responses (Dkt. No. 6 at ¶4 and Dkt. No. 12 at ¶ 10); Traverse at 4-5. To support his contention, he attaches a copy of his *pro se* coram nobis application, which is date-stamped that it

was received on March 18, 2009. See Timeliness Response (Dkt. No. 12) at Ex. B. However, as Respondent correctly points out, Petitioner has also attached to his Traverse a letter from the Appellate Division, Fourth Department dated March 23, 2009, stating that Petitioner's motion papers were being returned because: (1) the court "does not accept partial filings"; (2) "the notice of motion lacks [a] specified return date"; and (3) petitioner "fail[ed] to file an original and one copy of the motion papers with the Court." See Traverse at Ex. A; see also Pet'r Reply to Resp't Supplemental Memorandum of Law (Dkt. No. 25 at ¶¶ 3-5) (explaining that failure to advise Court that *pro se* coram nobis application was initially rejected by Appellate Division because of filing deficiencies was not done in bad faith). As set forth above, AEDPA's one-year statute of limitations is only tolled during the pendency of a "properly filed" post-conviction/collateral proceeding. See 28 U.S.C. § 2244(d)(2). The Supreme Court has explained that, under § 2244(d)(2), "[a]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). Here, Petitioner's *pro se* coram nobis application was rejected by the Appellate Division due to various filing deficiencies. It was not therefore "properly filed" under the statute and did not toll the limitations period.

**(C) Equitable Tolling**

Since courts have construed the AEDPA's one-year period as a statute of limitations rather than a jurisdictional bar, courts may equitably toll the period. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (citations omitted). However, "[e]quitable tolling applies only in the 'rare and exceptional circumstance[ ].'" Id. (quotation omitted).

"In order to equitably toll the one-year period of limitations, [the petitioner] must show that extraordinary circumstances prevented him from filing his petition on time." Id. (citation omitted). "In addition, the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Id. (citation omitted). Moreover, the petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000) (citations omitted).

Petitioner submits he is entitled to equitable tolling because his attorney, Donald M. Thompson, Esq., who he claims to have retained "[o]n or about March 2008" to assist with post-conviction proceedings, withheld the relevant legal papers and materials from

him, such that he was prevented from timely filing the instant habeas petition. See Traverse at p 3-10. According to Petitioner, Attorney Thompson "[held] [P]etitioner's legal documents for approximately 11 months" and, when Petitioner could not pay Attorney Thompson's legal fees, Attorney Thompson returned them to him on or about February 24, 2009. See id. The Court is unpersuaded by Petitioner's arguments, and finds no basis to equitably toll the limitations period.

As an initial matter, courts have held that lack of access to legal materials or papers does not constitute an extraordinary circumstance that warrants equitable tolling. See, e.g., Padilla v. United States, No. 02 Civ. 1142 (CSH), 2002 U.S. Dist. LEXIS 22298, 2002 WL 31571733, at *4 (S.D.N.Y. Nov. 19, 2002) ("Even if [petitioner] did not have all the necessary materials or experienced a delay in obtaining them, those are not extraordinary circumstances warranting equitable tolling."); Davis v. McCoy, No. 00 Civ. 1681 (NRB), 2000 U.S. Dist. LEXIS 9760, 2000 WL 973752, at *2 (S.D.N.Y. July 14, 2000) (petitioner's inability to obtain necessary court papers for more than two years not extraordinary circumstance). In any event, assuming *arguendo* that Petitioner's alleged lack of access to his legal papers for "approximately 11 months" while they were purportedly in the possession of Attorney Thompson constituted extraordinary circumstances, Petitioner has failed to demonstrate the causal connection between the lawyer's

"withholding" of Petitioner's legal papers until February 24, 2009 and Petitioner's delay in filing the habeas petition until some two years thereafter on April 11, 2011. See e.g., Bell v. Herbert, 476 F.Supp 2d 235, 247-48 (W.D.N.Y. 2007) ("Even assuming for the sake of argument that the inability to obtain the information at issue amounted to an 'extraordinary circumstance,' Bell has failed to demonstrate any causal connection between the allegedly withheld information and the lateness of his habeas petition."). Notably, Petitioner does not explain how the allegedly-withheld legal papers were even necessary in the preparation of the instant petition insofar as the claims are nearly identical to those raised on direct appeal and in Petitioner's *pro se* coram nobis application. See Lee v. Portuondo, No. 02 CV 3990(SI), 2003 WL 22173078, at *5 (E.D.N.Y. Apr. 29, 2003) ("Assuming, for argument's sake, that the loss of petitioner's trial records by his privately retained counsel is [an extraordinary circumstance for purposes of equitable tolling], petitioner fails to demonstrate any causal connection between the lost papers and the lateness of his filing of the instant petition. In particular, petitioner makes no effort to explain why his state criminal records were necessary to advance any of the claims alleged in his petition."); Anderson v. O'Gara, No. 01 Civ. 5712, 2002 U.S. Dist. LEXIS 13263, 2002 WL 1633917, at *5 (S.D.N.Y. July 23, 2002) (equitable tolling denied where, *inter alia*, the petitioner had not shown that his inability to obtain the

transcripts prevented him from filing his habeas petition); De La Rosa v. Keane, No. 01 CV 4718, 2001 U.S. Dist. LEXIS 19398, 2001 WL 1525257, at *2 (E.D.N.Y. Nov. 13, 2001) (denying equitable tolling because petitioner did not need to have the trial minutes in his possession to advance his claim of ineffective assistance of counsel). Accordingly, the Court finds no basis to equitably toll the statute of limitations.

In sum, the petition is untimely and is therefore dismissed with prejudice on this basis.

## IV. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) is dismissed because it is untimely. Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action.

Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

                                              S/Michael A. Telesca

                                        HONORABLE MICHAEL A. TELESCA
                                        United States District Judge

DATED:     February 11, 2013
              Rochester, New York